Herman G. Walker, Jr.
LIMÓN & WALKER, LLC
606 E Street, Suite 203
Anchorage, Alaska 99501
Ph: (907) 279-2889
Fax: (907) 258-4428
hermanjr@limonwalker.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FELISHA L. LASHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HORACE MANN TEACHERS | ) |
| INSURANCE, INC., | ) |
| | ) |
| Defendant. | ) Civil Action No. _____ |
| _____ | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Felisha Lashley, by and through her attorney, Herman G. Walker, Jr. of LIMÓN & WALKER, and for her complaint against Defendant, Horace Mann, Teachers Insurance, does state and allege as follows:

1. Plaintiff was a resident of Anchorage, Alaska at the time of the crash.

2. At all times material hereto, Defendant was and is a State of Illinois corporation licensed by the State of Alaska and doing business in the State of Alaska and subject to the jurisdiction of this Court.

_____
COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 1 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 1 of 10

3. There is diversity between the parties and the amount in controversy is in excess of $50,000.00 and this court has proper jurisdiction pursuant to 28 USC § 1332.

4. Defendant is liable for the actions and /or failures to act of its employees under theories of respondent superior and/or agency and/or vicarious liability (Horace Mann, Teachers Insurance and its employees are hereafter referred to as "Horace Mann" or "Defendant").

5. On or about January 2, 2009, Plaintiff Ms. Lashley was injured in an auto collision as a driver in a vehicle insured by Defendant for underinsured motorist (U/M) coverage in the amount of $50,000.00 per person and $100,000 per collision. The policy number 16846E was in the name of Lisa Lashley and covered Plaintiff's vehicle.

6. The collision on January 2, 2009, was caused by the negligence of David B. Terrini.

7. The collision caused injuries to Plaintiff, Felisha Lashley, including but not limited to, injuries to her head, neck, eyesight, hearing, short term memory, psychological damage, and a dissected carotid artery.

8. David B. Terrini's automobile insurance coverage was not adequate to cover all of Plaintiff's losses.

---
COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 2 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 2 of 10

9. Plaintiff's collision and the liability of the underinsured tortfeasor for Plaintiff's injuries and damages are undisputed.

10. Defendant's adjusters determined that David B. Terrini was at fault for one hundred percent of Plaintiff's damages.

11. Defendant determined that Plaintiff was not at fault in the collision.

12. Plaintiff, through counsel, made numerous demands for the limits of Plaintiff's policy due to the severity of her injuries.

13. David B. Terrini is an underinsured motorist under the terms of Horace Mann's insurance policy covering Plaintiff in the auto collision on January 2, 2009.

14. Defendant completed its adjustment of Plaintiff's UIM claim pursuant to 3 AAC 26.050.

15. The underinsured motorist, David B. Terrini, caused Plaintiff, Felisha Lashley, to incur medical expenses, future wage loss, impairment, disability pain/suffering and loss of enjoyment of life.

16. David B. Terrini was liable for negligence and/ or negligence *per se* for violation of among other things: AMC 09.16.140(b) – Drivers Failure to use due care to avoid an accident.

17. The violation of the above provisions is evidence of negligence.

_____
COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 3 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 3 of 10

18. David B. Terrini is liable for past and /or future: medical expense, wage loss, diminished earning capacity, impairment, loss of employment benefits, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages in an amount greater than $50,000 (FIFTY THOUSAND DOLLARS).

19. Defendant contractually obligated itself to pay "…damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle."

20. Defendant is liable to Plaintiff for past and /or future: medical expense, wage loss diminished earning capacity, disfigurement , loss of employment benefits, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages in an amount up to its $50,000 policy limits plus medical bills.

21. To date, Horace Mann has paid Plaintiff zero pursuant to her UIM claim.

22. A UIM claim is a first-party insurance claim.

23. Plaintiff is a first party insured of Horace Mann for this collection.

24. Horace Mann must treat its first-party insureds with the same regard as it treats its own interests when it comes to adjustment of their claims.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 4 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 4 of 10

25. Horace Mann has an improper motive for holding the money instead of paying the amount it determines owed to its first-party insured.

26. The uninsured motorist coverage and underinsured motorist coverage section of Horace Mann's policy that applies to this collision provides as follows:

**Deciding fault and amount**

"Two questions must be decided by agreement between **you** and **us**:

1. Are **you** entitled to collect damages from the owner or driver of an **underinsured** or **uninsured** motor vehicle; and

2. If so, in what amount?

If there is no agreement to the above questions and both parties agree to arbitration…."

27. On November 3, 2010, Horace Mann's adjuster suggested that Horace Mann pay only $7,500.00 to Plaintiff for her UIM claim.

28. On May 3, 2011, Plaintiff, through her attorney, requested defendant arbitrate the amount of damages caused to Plaintiff by the underinsured motorist, that is payable under Horace Mann's UIM claim.

29. On May 25, 2011, Horace Mann's adjuster did not agree to arbitrate.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 5 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 5 of 10

30. Horace Mann's adjusters followed a policy of declining to arbitrate Alaska UIM claims when requested to arbitrate by insureds or their attorneys.

31. In *Gibson v. Geico,* the Alaska Supreme Court indicated: "Gibson is probably right that arbitration would have been a less expensive way to resolve this case…" *Gibson v. Geico General Ins. Corp.,* 153 P.3d 312, 320 (Alaska 2007).

32. Arbitration is a less expensive way for insureds to resolve UIM disputes than litigation.

33. Arbitration is quicker than litigation to resolve a UIM dispute.

34. Horace Mann had an improper motive for declining to arbitrate.

35. Horace Mann had bad motives for choosing to litigate instead of arbitrate first-party claims, including deterring Plaintiff by causing Plaintiff to incur litigation expenses and/or unreasonably putting Horace Mann's financial interests ahead of its first-party insured's interests for financial gain. In making this decision, Horace Mann considered which forum will award less money to Plaintiff in its decision making process and/or exposing Plaintiff to Horace Mann's attorney fees or costs if the case goes to trial thereby raising the stakes and expense of disputing a first party claim.

36. Horace Mann's knew or should have known of this expense.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance*, Case No. _____, Page 6 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 6 of 10

37. Most people do not have the financial resources to litigate a case against an insurance company through jury trial in order to resolve their insurance claim disputes.

38. Horace Mann makes money by investing premiums paid by customers while paying claims over time.

39. Horace Mann refused to pay a claim without a reasonable investigation of all the available information in violation of AS 21.36.125 (a)(4).

40. On February 17, 2011, Horace Mann was requested, pursuant to AS 21.36.125(15), to explain their offer of $7,500.00.

41. On February, 23, 2011, Horace Mann stated, "CT scans performed on Ms. Lashley's head/brain were listed as normal."

42. Ms. Lashley's CAT scan showed a left dissected carotid artery. Bates stamp FLL 00037.

43. On March 22, 2011, a letter was sent to Horace Mann telling them about the dissected carotid artery. Medical records were also attached supporting the injury.

44. On January 12, 2012, Horace Mann subsequently offered $15,000.00 to Plaintiff.

___
COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 7 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 7 of 10

45. Defendant failed to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear in violation of AS 21.36.125(a)(6).

46. Defendant engaged in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds in violation of AS 21.36.125(a)(7).

47. Horace Mann compelled an insured in a case in which liability is clear to litigate for recovery of an amount due under an insurance policy, by offering an amount that does not have an objectively reasonable basis in law and fact and has not been documented in the insurer's file in violation of AS 21.36.125(a)(8).

48. Horace Mann failed to pay those portions of the claim not in dispute within 30 working days after the receipt of a properly executable statement of claim, proof of loss, or other acceptable evidence of loss in violation of 3 AAC 26.070(a)(2).

49. Horace Mann's conduct is governed by AS 21.36.125(a) and 3AAC chapter 26.

50. Defendant knew or should have known of the rules set forth in AS 21.36.2125(a) and 3 AAC Chapter 26.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 8 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 8 of 10

51. Violation of AS 21.36.125(a) is a breach of the covenant of good faith and fair dealing.

52. Violation of 3 AAC Chapter 26 is breach of the covenant of good faith and fair dealing.

53. The above violations of the Alaska Administrative Code are unfair claim settlement practices in violation of AS 21.36.125. Also see 3 AAC 26.010(a) and (b).

54. Defendant unreasonably adjusted Plaintiff's UIM claim.

55. Requiring insureds to file lawsuits against defendant to resolve first-party insurance claims is unreasonable and unconscionable.

56. Failing to advise insureds of the expenses involved in litigating and the exposure for Horace Mann's attorney fees in litigation is unreasonable and unconscionable.

57. Defendant is liable for compensatory and punitive damages for breach of contract.

58. Defendant is liable for compensatory damages, including, but not limited to, mental distress and punitive damages for breach of the covenant of good faith and fair dealing in an amount greater than FIFTY THOUSAND ($50,000.00) DOLLARS, the exact amount to be set by the trier of fact.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 9 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 9 of 10

59. Defendant is liable for punitive or exemplary damages for reckless disregard, and/or willful disregard, and/or wanton disregard for Plaintiff's interests and for outrageous conduct, reckless indifference and conscious action and deliberate disregard for Plaintiff's interests or other in an amount the trier of fact deems just.

60. Defendant's conduct was outrageous, including acts done with malice or bad motives, or evidenced reckless indifference to the interests of another person.

WHEREFORE, having fully pled Plaintiff's complaint, Plaintiff requests a jury trial pursuant Fed. R. Civ. P. 38 and judgment against defendant for an amount of FIFTY THOUSAND ($50,000.00) DOLLARS to be established by the trier of fact, plus interest, costs and attorney fees and such relief as the court deems just.

DATED this 25th day of September, 2012.

> By: /s/ Herman G. Walker, Jr.
> Attorney for Plaintiff
> 606 E Street, Suite 203
> Anchorage, Alaska 99501
> hermanjr@limonwalker.com
> Phone: (907) 279-2889
> ABA#9311094

COMPLAINT AND DEMAND FOR JURY TRIAL
*Felisha L. Lashley v. Horace Mann, Teachers Insurance,* Case No. _____, Page 10 of 10
Case 3:12-cv-00197-RRB   Document 1   Filed 09/26/12   Page 10 of 10